COUPE *et al. v.* WEATHERHEAD *et al.*

*(Circuit Court, D. Rhode Island.* November 15, 1888.

1. EQUITY—PRACTICE—MOTION TO DISMISS AFTER DECISION AND REFERENCE TO MASTER.

After a suit has been decided in favor of the complainant, and the cause referred to a master to take an account of damages, the court will not reverse its former decision and dismiss the bill, where the alleged errors concern only disputed questions of fact, and the defendants do not point out any clear mistake of law, or clear and decisive mistake of fact.

2. PATENTS FOR INVENTIONS—INFRINGEMENT—MEASURE OF DAMAGES.

In an account taken to ascertain the profit of using the Coupe machine for stretching raw hides whole, described in letters patent No. 213,323, it is proper to compare the profit of using this machine with that of the former machine used for that purpose, and not with that of machines which stretch hides after they have been soaked in salt and alum, or with hand labor, since a raw hide cannot be thoroughly stretched by hand.

In Equity. On motion to dismiss and on exceptions to master's report.

Action by William Coupe and others against George Weatherhead and others for an infringement of letters patent No. 213,323, issued March 18, 1879, to plaintiff Coupe.

*Benj. F. Thurston,* for complainants.

*Walter B. Vincent,* for defendants.

COLT, J. This case now comes before the court on motion to dismiss, and exceptions to the master's report. In 1883, upon a full hearing of the case before two judges, the court determined that the defendants infringed the first and third claims of the Coupe patent, No. 213,323, and the cause was sent to the master to take an account. 16 Fed. Rep. 673. The present motion to dismiss is founded upon the proposition that this court may, at this stage of the cause, if it discovers that it has made a mistake; reverse its former decision, and dismiss the bill. Without questioning the rule that a court may at any time correct a mistake while the case is within its control, yet, where a cause has been deliberately heard upon pleadings and proofs, and a decision reached, and the party has a right of appeal, before the court should reverse a former decision, it must be perfectly clear that an error was committed. In the present case I am unable to reach such a conclusion. The decision turned largely upon questions of fact, and the defendants now seek to have the same issues of fact which were decided against them reviewed again by this court. Clearly such a practice as this, if countenanced at all, should be most carefully guarded, and the defendants should show a clear mistake of law, or point out a clear and decisive mistake of fact, before the court should entertain, at this stage of the case a motion to dismiss. In the present case I am not referred to any such mistake of law or fact, though I am aware that defendant's counsel insists that with respect to certain disputed questions of fact the additional evidence taken before the master shows that the court was in error in some of its original findings; but

this the defendants deny. **For these reasons the motion to dismiss is denied.**

The defendant's exceptions to the master's report are properly before the court at this time for determination. These exceptions are 18 in number, but only those will be noticed which I think raise material questions. The main questions before the master were, with what prior machine or method should a comparison be made with plaintiff's machine, in determining the amount of gains and profits; and what was the amount of the gains and profits to be accounted for as a result of such comparison? The patent in controversy was for an improved hide-stretching machine, and in estimating the gains and profits the master found that a comparison should be made with what was known as the old "dog-machine," and he found the amount of gains to be accounted for was $15,412.82. The fourth exception raises the question of the correctness of the master in making comparison with the old dog-machine, the defendant contending that comparison should have been made with the old splitter-machine, or with hand labor. I think upon the whole record and evidence before him the master was correct in his finding. In view of the prior state of the art the old dog-machine was the only machine with which it was proper to make comparison. A comparison clearly should not have been made with stretching by hand, because I think the record shows, as found by the master, that a raw hide cannot be as thoroughly stretched by hand as by a machine. Bearing in mind the scope of the Coupe invention, that it was for a machine for stretching raw hides whole, previous to the hides being manufactured into dressed leather, it seems to me that the master was entirely right, under the decision of *Mowry* v. *Whitney*, 14 Wall. 620, in the conclusion he reached.

The invention relates to stretching raw hides, and not to hides subjected to a salt and alum bath, which has the effect of softening the hide, and therefore the master was right in refusing to allow, for the purpose of establishing gains and profits, a comparison to be made with hides subjected to a salt and alum bath, or with machines in which such hides are operated upon. This was made the subject-matter of the third exception. As for the fifth exception, I do not understand that the master ruled out all testimony tending to show that the respondents since the injunction have produced an equally good quality of raw hide leather by the use of old devices, and have received the same prices for their goods as heretofore, and therefore the exception is not well taken.

I do not deem it necessary to discuss the other exceptions in detail. Some of them are immaterial, but most of them turn upon questions of fact. Upon consideration I find no error in the master's findings. The motion to dismiss and exceptions must be overruled, and it is so ordered.